UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
03-10140-RWZ

UNITED STATES OF AMERICA

v.

JOHN G. PIZZARELLA
JACK WALSH CALVIN
VINCENT MEUCCI

**INTERIM STATUS REPORT**

June 16, 2004

DEIN, M.J.

An Interim Status Conference was held before this court on Wednesday, June

16, 2004, pursuant to the provisions of Local Rule 116.5(A).  Based on that conference,

this court enters the following report and orders, to wit:

1.    The government has provided defendants with its automatic discovery.
The government is reviewing Calvin's request for additional discovery
relating to the asset forfeiture claim.

2.    The defendants Calvin and Pizzarella request expert discovery under
Fed. R. Crim. P. 16(a)(1)(E).  The government shall provide such
discovery no less than thirty (30) days before the scheduled trial date.
The defendant will provide reciprocal expert discovery no later than
fifteen (15) days before the scheduled trial date.  The government does
not anticipate any expert discovery pertaining to the defendant Meucci.

3.    The defendants are to file discovery and/or dispositive motions by June
17, 2004.  The government shall file its responses by July 12, 2004.

4.    In this court's view, this is not a case involving unusual or complex issues
for which an early joint conference of the district judge and the magistrate
judge with counsel of record would be useful.

5.      In this court's view, this is not a case involving features which would warrant special attention or modification of the standard schedule, except as provided herein.

6.      It is too early to determine whether a trial will be necessary.

7.      This court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), that the interests of justice, i.e., review of the case, review of the evidence, and consideration of alternatives concerning how best to proceed with this matter, outweighs the best interests of the public and the defendants for a trial within seventy days of the return of an indictment.

Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), the Clerk of this Court enter excludable time for the period of June 16, 2004 through July 22, 2004, that being the period between today's status conference and the Final Status Conference.[1]

8.      Based upon the prior orders of this court dated August 28, 2003, October 14, 2003, November 12, 2003, December 16, 2003 and January 27, 2004 (all issued in connection with Calvin), the order dated February 12, 2004 (relating to Meucci), the orders dated April 8, 2004 and May 25, 2004 (relating to all defendants), and the order entered herewith, as of July 22, 2004, there will be fourteen (14) days of non-excludable time under the

---

[1]   The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge.  The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto.  The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law.  The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review.  See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).

Speedy Trial Act (September 25, 2003 - October 8, 2003) and fifty-six (56) days remaining under the Speedy Trial Act in which this case must be tried.

9.    **A Final Status Conference has been scheduled for July 22, 2004 at 10:15 a.m.  Counsel for the respective parties shall file a Joint Memorandum addressing the matters set forth in LR 116.5(C)(1) through (9) before the close of business no less than THREE business days prior to that Status Conference.  In addition, the parties shall include in the Joint Memorandum not only the periods of excludable time that are applicable, but also the amount of time remaining under the Speedy Trial Act before trial must commence, as well as the total amount of time which has been excluded.**

_____/ s / Judith Gail Dein_____
JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE