UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 03-10140-RWZ |
| ) | |
| v. ) | VIOLATIONS: |
| ) | |
| 1. JOHN G. PIZZARELLA ) | 21 U.S.C. § 846 -- |
| 2. JACK WALSH CALVIN, and ) | Conspiracy to Distribute, and |
| 3. VINCENT MEUCCI, ) | to Possess With Intent To |
| Defendants. ) | Distribute, Marijuana |
| ) | |
| ) | 21 U.S.C. § 841 - |
| ) | Possession With Intent To |
| ) | Distribute Marijuana |
| ) | |
| ) | 18 U.S.C. § 2 - |
| ) | Aiding and Abetting |
| ) | |
| ) | Criminal Forfeiture |

SECOND SUPERSEDING INDICTMENT

COUNT ONE:    (21 U.S.C. §846 - Conspiracy To Distribute, and To Possess With Intent To Distribute, Marijuana)

The Grand Jury charges that:

From a date unknown to the Grand Jury, but at least by in or about August 1999, and continuing to in or about December, 2002, at Saugus, Malden, and elsewhere in the District of Massachusetts, and at Louisville, Kentucky, Houston, Texas and elsewhere,

      1. JOHN G. PIZZARELLA
      2. JACK WALSH CALVIN
          and
      3. VINCENT MEUCCI

defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with others

known and unknown to the Grand Jury, to distribute, and to possess with intent to distribute, marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

COUNT TWO:        (21 U.S.C. §846 - Conspiracy To Distribute, and T
                  Possess With Intent To Distribute, Marijuana)

The Grand Jury charges that:

From a date unknown to the Grand Jury, but at least by in o about December 2002, and continuing to on or about April 6, 2003 at Saugus, Malden, and elsewhere in the District of Massachusetts, and at Louisville, Kentucky, and elsewhere,

  1. JOHN G. PIZZARELLA
       and
  2. JACK WALSH CALVIN

defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with others unknown to the Grand Jury, to distribute, and to possess with intent to distribute, marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841.

All in violation of Title 21, United States Code, Section 846.

COUNT THREE:   (21 U.S.C. §841 - Possession With Intent To Distribute Marijuana; 18 U.S.C. § 2 - Aiding and Abetting)

The Grand Jury further charges that:

On or about April 6, 2003, at Saugus, in the District of Massachusetts, and elsewhere in the District of Massachusetts,

    1.   JOHN G. PIZZARELLA
           and
    2.   JACK WALSH CALVIN

defendants herein, did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

COUNT FOUR:     (21 U.S.C. §841 - Possession With Intent To
                Distribute Marijuana)

The Grand Jury further charges that:

On or about April 6, 2003, at Saugus, in the District of Massachusetts, and elsewhere in the District of Massachusetts,

               1.    **JOHN G. PIZZARELLA**

defendant herein, did knowingly and intentionally possess with intent to marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## FORFEITURE ALLEGATION
### (21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of the offenses alleged in Counts One through Four of this Indictment,

      **1. JOHN G. PIZZARELLA**

      **2. JACK WALSH CALVIN**

      **3. VINCENT G. MEUCCI**

defendants herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offenses, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. Such property includes, but is not limited to:

(a) $8,000,000 in United States currency, in that suc sum in aggregate represents the amount the defendants received as a result of the violation

(b) the real property and buildings located at 6 Appl Wood Lane, Saugus, Massachusetts, with a deed recorded at Book 18012, page 178, of the Essex County Registry of Deeds;

(c) the real property and buildings located at 251 Billerica Road, Billerica, Massachusetts, with a deed recorded at book 14247, page 144, of the Middlesex County Registry of Deeds.

2. If any of the property described in paragraph 1, above as a result of any act or omission of the defendant --

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the Court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

 All in violation of Title 21, United States Code, Section 853.

**NOTICE OF ADDITIONAL FACTORS**

The GRAND JURY further finds that:

1. The offense charged in Count One of the Second Superseding Indictment involved at least 3,000 kilograms but less than 10,000 kilograms of a mixture or substance containing a detectable amount of marijuana. Accordingly, 21 U.S.C. § 841(b)(1)(A)(vii) applies to this count.

2. The offenses charged in Counts Two and Three of the Second Superseding Indictment involved at least 400 kilograms but less than 700 kilograms of a mixture or substance containing a detectable amount of marijuana. Accordingly, 21 U.S.C. §841(b)(1)(B)(vii) applies to these counts.

3. The offense charged in Count Four of the Second Superseding Indictment involved at least 100 kilograms but less than 400 kilograms of mixture or substance containing a detectable amount of marijuana. Accordingly, 21 U.S.C. §841(b)(1)(B)(vii) applies to this count.

4. As to the offenses charged in Counts One through Four of this second superseding indictment and relevant conduct as described in U.S.S.G. §1B1.3, Defendant John G. Pizzarella is responsible for at least 3,000 kilograms but less than 10,000 kilograms of a mixture or substance containing a detectable amount of marijuana. Accordingly, 21 U.S.C. § 841(b)(1)(A)(vii) and U.S.S.G. § 2D1.1(c)(3) apply to this defendant.

5. As to the offenses charged in Counts One through Three

of this second superseding indictment and relevant conduct as described in U.S.S.G. §1B1.3, Defendant Jack Walsh Calvin is responsible for at least 3,000 kilograms but less than 10,000 kilograms of a mixture or substance containing a detectable amount of marijuana. Accordingly, 21 U.S.C. § 841(b)(1)(A)(vii) and U.S.S.G. § 2D1.1(c)(3) apply to this defendant.

6. As to the offenses charged in Count One of this second superseding indictment and relevant conduct as described in U.S.S.G. §1B1.3, Defendant Vincent Meucci is responsible for at least 3,000 kilograms but less than 10,000 kilograms of a mixtur or substance containing a detectable amount of marijuana. Accordingly, 21 U.S.C. § 841(b)(1)(A)(vii) and U.S.S.G. § 2D1.1(c)(3) apply to this defendant.

4. Defendant JACK WALSH CALVIN was an organizer, leader, manager, and supervisor of a criminal activity that involved fiv or more participants or was otherwise extensive. Accordingly, U.S.S.G. §§ 3B1.1(a) and 3B1.1(b) applies to this defendant.

5. Defendant JOHN G. PIZZARELLA was an organizer, leader, manager, and supervisor of a criminal activity that involved fiv or more participants or was otherwise extensive. Accordingly, U.S.S.G. §§ 3B1.1(a) and 3B1.1(b) applies to this defendant.

**A TRUE BILL**

_____
FOREPERSON OF THE GRAND JURY

_____
Susan M. Poswistilo
Assistant U.S. Attorney

DISTRICT OF MASSACHUSETTS; December  15 , 2004.

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK  3:05 PM
12/15/04