**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 03-10140-RWZ |
| | ) |
| JOHN G. PIZZARELLA, et al., | ) |
| Defendants. | ) |

**MOTION OF THE UNITED STATES**
**FOR ISSUANCE OF A PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case, pursuant to Title 21, United States Code, Section 853. In support thereof, the United States sets forth the following:

1. On or about December 15, 2004, a federal grand jury sitting in the District of Massachusetts returned a Four-Count Second Superseding Indictment charging Defendant John G. Pizzarella (the "Defendant" or "Pizzarella"), and others, with the following counts: Count One: Conspiracy to Distribute, and to Possess with Intent to Distribute, Marijuana, in violation of 21 U.S.C. §846 in or about August 1999 and continuing to in or about December 2002; Count Two: Conspiracy to Distribute, and to Possess with Intent to Distribute, Marijuana, in violation of 21 U.S.C. §846 from at least by or in or about December 2002 and continuing to on or about April 6, 2003; Count Three: Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. §841, and Aiding and Abetting,

in violation of 18 U.S.C. §2 on or about April 6, 2003; and, Count
Four: Possession with Intent to Distribute Marijuana, in violation
of 21 U.S.C. §841 on or about April 6, 2003.

    2.   The Second Superseding Indictment also included a
Criminal Forfeiture Allegation, pursuant to 21 U.S.C. §853, seeking
the forfeiture of any and all property constituting, or derived
from, any proceeds the Defendant obtained, directly or indirectly,
as a result of such offenses charged in the Indictment, and any
property used or intended to be used, in any manner or part, to
commit, or to facilitate the commission of, such offenses.
Specifically included in the forfeiture allegation were the
following:

    (1)  $8,000,000 in United States currency, in that such sum in
aggregate represents the amount the defendants received
as a result of the violation;

    (2)  the real property and buildings located at 6 Apple Wood
Lane, Saugus, Massachusetts as more fully described in
the deed dated (July 31, 2001), recorded with the Essex
County Registry of Deeds in Book 18012, Page 178 ("The
Apple Wood Lane Property");

    (3)  the real property and buildings located at 251 Old
Concord Road, Billerica, Massachusetts as more fully
described in the deed dated (November 14, 1997), recorded
with the Middlesex County Registry of Deeds in Book
14247, Page 144;("The Old Concord Road Property")[1]

(collectively the "Defendant Properties").

    3.   The Forfeiture Allegation of the Second Superseding

[1] The street address for this property was incorrectly
identified as 251 Billerica Road, rather than 251 Old Concord Road.
The legal description of property was otherwise correct.

2

Indictment also provided that if any of the above-mentioned property, as a result of any act or omission of the Defendants, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, that the United States, pursuant to 21 U.S.C. §853(p), would seek to seek forfeiture of any other property of the Defendants up to the value of the Defendant Properties described above.

4.    On July 7, 2005, the Defendant entered a plea of guilty to Counts Two, Three and Four of the Second Superseding Indictment.

5.    By virtue of the Defendant's guilty plea, and pursuant to 21 U.S.C. §853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses charged in the Indictment to which the Defendant has pled guilty, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.   The offense contained in Count Two, to which the Defendant has pled guilty, involves a marijuana conspiracy extending from approximately December 2002 until April 6, 2003.   This conspiracy involved at least 1,298 pounds (588

3

kilograms) of marijuana. The offense contained in Count Four, Possession with Intent to Distribute Marijuana, to which the Defendant pled guilty involved approximately 299 pounds of marijuana. The value of marijuana, at the time of the conspiracy to which the Defendant has pled guilty was approximately $1000 per pound. Therefore, the value of the total amount of marijuana to which the Defendant has pled guilty is 1,597 pounds of marijuana involved in the Count Two conspiracy is approximately $1,597,000.

6. This Court's jurisdiction in this matter is founded upon 21 U.S.C. §853(a), which provides that with respect to any person convicted of drug offense punishable by imprisonment for more that one year:

> [t]he Court, in imposing sentence..., shall order...that the person forfeit to the United States all property described in this subsection.

7. Rule 32.2(b)(1), (b)(2), and (b)(3) of the Federal Rules of Criminal Procedure provides that as soon as is practicable after a verdict or finding of guilty on any count on which forfeiture is sought in an indictment, the court shall determine whether the government has established the requisite nexus between the property and the offense, subjecting the property to forfeiture. Here, since the marijuana was itself the subject of the conspiracy to which the Defendant has pled guilty, the requisite nexus is established. In addition, the Apple Wood Lane Property is subject to forfeiture because it was used to facilitate the criminal

conduct to which the Defendant has pled guilty.  On April 6, 2003, a consent search of the Apple Wood Lane Property revealed approximately two pounds of marijuana, contained in clear plastic bags, two handguns, a scale, plastic bags and a heat sealer.

8.  Once property is determined to be subject to forfeiture, the court shall promptly enter a preliminary order of forfeiture directing the forfeiture of specific property without regard to any third party's interest in all or part of it.  At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment.

9.  In addition, as noted in the forfeiture allegation of the Second Superseding Indictment, if directly forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the unavailable property, pursuant to 21 U.S.C. §853(p).

10.  As described above, the Apple Wood Lane Property is forfeitable to the United State because it was used to facilitate

the criminal offense to which the Defendant has pled guilty.

11.  The 1,597 pounds of marijuana that is the subject of the conspiracy is not available for forfeiture.  The United States is, therefore, entitled to forfeiture any other property of the Defendant up to the value of the marijuana, or $1,597,000.

12.  An order of forfeiture may take several forms, including a order for a money judgment.  United States v. Candelaria-Silva, 166 F.3d 19 (1st Cir. 1999) (criminal forfeiture order may take several forms: money judgment, directly forfeitable property, and substitute assets).  The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure.  Such orders of forfeiture are commonplace.  See, e.g., United States v. Baker, 227 F.3d 955 (7th Cir. 2000) (a forfeiture order may include a money judgment for the amount of money involved in the money laundering offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond); United States v. Corrado, 227 F.3d 543 (6th Cir. 2000)(remanding case to the district court to enter money judgment for the amount derived from a RICO offense); United States v. Davis, 177 F. Supp.2d 470 (E.D. Va. 2001) (same, following Candelaria-Silva); United States v. Saccoccia, 823 F. Supp. 994, 1006 (D.R.I. 1993) (money judgment for the amount laundered, $136 million, entered against each defendant), aff'd, 58 F.3d 754 (1st

Cir. 1995).

13. The United States has identified the following property as owned by the Defendant:

> (a) the real property and buildings located at 251 Old Concord Road, Billerica, Massachusetts as more fully described in the deed dated (November 14, 1997), recorded with the Middlesex County Registry of Deeds in Book 14247, Page 144;[2]

14. Pursuant to 21 U.S.C. §853(p), therefore, the United States seeks an Preliminary Order of Forfeiture, forfeiting the Apple Wood Lane Property because it was used to facilitate one of the offenses to which the Defendant has pled guilty, and the Old Concord Road Property, up to the amount of $1,597,000, as a substitute asset.

15. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. §853(n), the United States Marshals Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the United States' intent to dispose of the forfeited property in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the forfeited property must file a petition with the Court within thirty (30) days of the final

---

[2] Although this property is titled in the name of David P. Veo, the United States believes that the Defendant is the true owner.

publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the forfeited property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the forfeited property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States respectfully moves that this Court enter a Preliminary Order of Forfeiture in the form submitted herewith.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


By:  /s/Jennifer H. Zacks
     SUSAN M. POSWISTILO
     JENNIFER H. ZACKS
     Assistant U.S. Attorneys
     1 Courthouse Way, Suite 9200
     Boston, Massachusetts 02210
     (617) 748-3100

Date: October 19, 2005

8

### CERTIFICATE OF SERVICE

I, Jennifer H. Zacks, Assistant U.S. Attorney, hereby certify that a true copy of the foregoing Motion and Brief for Issuance of a Preliminary Order of Forfeiture, as well as a proposed Preliminary Order of Forfeiture, were served upon Robert A. George, Sr., Robert A. George & Associates, PC, 77 Newbury Street, Boston MA, as Counsel for the Defendant, John Pizzarella, by hand.

/s/Jennifer H. Zacks
Jennifer H. Zacks
Assistant U.S. Attorney

Date: October 19, 2005

10