```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA    )
                            )
        v.                  )    CRIMINAL NO. 03-10140-RWZ
                            )
JOHN G. PIZZARELLA, et al., )
            Defendants.     )

## PRELIMINARY ORDER OF FORFEITURE

**ZOBEL, D.J.**:

WHEREAS, on or about December 15, 2004, a federal grand jury sitting in the District of Massachusetts returned a Four-Count Second Superseding Indictment charging Defendant John G. Pizzarella (the "Defendant" or "Pizzarella"), and others with the following conts: <u>Count One</u>: Conspiracy to Distribute, and to Possess with Intent to Distribute, Marijuana, in violation of 21 U.S.C. §846 in or about August 1999 and continuing to in or about December 2002; <u>Count Two</u>: Conspiracy to Distribute, and to Possess with Intent to Distribute, Marijuana, in violation of 21 U.S.C. §846 from at least by or in or about December 2002 and continuing to on or about April 6, 2003; <u>Count Three</u>: Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. §841, and Aiding and Abetting, in violation of 18 U.S.C. §2 on or about April 6, 2003; and, <u>Count Four</u>: Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. §841 on or about April 6, 2003;

AND WHEREAS, the Second Superseding Indictment also included a Criminal Forfeiture Allegation, pursuant to 21 U.S.C. §853, seeking the forfeiture of any and all property constituting, or

derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses charged in the Indictment, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. Specifically included in the forfeiture allegation were the following:

   (1) $8,000,000 in United States currency, in that such sum in aggregate represents the amount the defendants received as a result of the violation;

   (2) the real property and buildings located at 6 Apple Wood Lane, Saugus, Massachusetts as more fully described in the deed dated (July 31, 2001), recorded with the Essex County Registry of Deeds in Book 18012, Page 178( the "Apple Wood Lane Property");

   (3) the real property and buildings located at 251 Old Concord Road, Billerica, Massachusetts as more fully described in the deed dated (November 14, 1997), recorded with the Middlesex County Registry of Deeds in Book 14247, Page 144 (the "Old Concord Road Property");[1]

(collectively the "Defendant Properties");

AND WHEREAS, the Forfeiture Allegation of the Second Superseding Indictment also provided that if any of the above-mentioned property, as a result of any act or omission of the Defendants, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has

---

[1] The street address for this property was incorrectly identified as 251 <u>Billerica</u> Road, rather than 251 Old Concord Road. The legal description of property was otherwise correct.

been commingled with other property which cannot be subdivided without difficulty, that the United States, pursuant to 21 U.S.C. §853(p), would seek to seek forfeiture of any other property of the Defendants up to the value of the Defendant Properties described above;

AND WHEREAS, on July 7, 2005, the Defendant entered a plea of guilty to Counts Two, Three and Four of the Second Superseding Indictment;

AND WHEREAS, by virtue of the Defendant's guilty plea, and pursuant to 21 U.S.C. §853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses charged in the Indictment to which the Defendant has pled guilty, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses;

AND WHEREAS, the offenses contained in Counts Two and Four, to which the Defendant has pled guilty, involve a marijuana conspiracy extending from approximately December 2002 until April 6, 2003, which involved at least 1,298 pounds of marijuana and possession with intent to distribute approximately 299 pounds of marijuana, and the value of marijuana, at the time of the conspiracy to which the Defendant has pled guilty was approximately $1000 per pound;

AND WHEREAS, the value of the total amount of marijuana involved in the offenses to which the Defendant has pled guilty is approximately $1,597,000;

AND WHEREAS, the Apple Wood Lane property was used to facilitate the commission of one of the offenses to which the Defendant has pled guilty;

AND WHEREAS, Rule 32.2(b)(1), (b)(2), and (b)(3) of the Federal Rules of Criminal Procedure provides that as soon as is practicable after a verdict or finding of guilty on any count on which forfeiture is sought in an indictment, the court shall determine whether the government has established the requisite nexus between the property and the offense, subjecting the property to forfeiture, and here, since the marijuana was itself the subject of the conspiracy to which the Defendant has pled guilty, the requisite nexus is established;

AND WHEREAS, in the event that any of the directly forfeitable assets listed above cannot be located, or have been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty, then the United States shall be entitled to forfeit substitute assets up to the value of the directly forfeitable assets, in accordance with 21 U.S.C. §853(p);

AND WHEREAS, the 1,597 pounds of marijuana that is the subject

of the offenses to which the Defendant has pled guilty is not available for forfeiture, and therefore, the United States is entitled to forfeiture any other property of the Defendant up to the value of the marijuana, or $1,597,000;

AND WHEREAS, the United States has identified the following property as belonging to the Defendant:

(a) the real property and buildings located at 251 Old Concord Road, Billerica, Massachusetts as more fully described in the deed dated (November 14, 1997), recorded with the Middlesex County Registry of Deeds in Book 14247, Page 144;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. Based upon the Defendant's guilty plea and subsequent conviction, the United States is hereby authorized to seize the Defendant Real Properties, and the Apple Wood Lane Property and the Old Concord Road Property (up to the amount of $1,597,000) are hereby forfeited to the United States of America for disposition, pursuant to the provisions of 21 U.S.C. §853(p);

2. The United States Marshals Service shall seize and hold the Defendant Real Properties in its secure custody and control;

3. Pursuant to 21 U.S.C. §853, the United States Marshals Service shall take any other appropriate steps pursuant to the statute's applicable provisions to seize, forfeit, and dispose of the Defendant Real Properties, giving notice as required by law;

4. Pursuant to 21 U.S.C. §853(n)(1), the United States shall publish, at least once for three successive weeks in a newspaper of

general circulation in the District of Massachusetts, notice of this Order and of the United States' intent to dispose of the Defendant Real Properties in such manner as the Attorney General may direct;

    5.    Pursuant to 21 U.S.C. §853(n), the Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Defendant Real Properties that are the subject of this Order of Forfeiture as a substitute for published notice as to those persons so notified;

    6.    Pursuant to 21 U.S.C. §853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Defendant Real Properties listed above, shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Defendant Real Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Defendant Real Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Defendant Real Properties, any additional facts supporting the petitioner's claim, and the relief sought;

7. Pursuant to 21 U.S.C. §853(n)(7), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. §853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Defendant Real Properties; and

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. §853(n) and Rule 32.2(c) of the Federal Rules of Criminal Procedure.

_____
RYA W. ZOBEL
United States District Judge

Date: