UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS



UNITED STATES OF AMERICA,

Plaintiff

v.

Crim. No. 03-10140-RWZ

JOHN G. PIZZARELLA, et al.,

Defendants

### THIRD PARTY PETITION FOR RELIEF FROM PRELIMINARY ORDER OF FORFEITURE DATED NOVEMBER 10, 2005 AND A HEARING TO ADJUDICATE THE VALIDITY OF INTEREST IN REAL PROPERTY

Pursuant to 21 U.S.C. § 853(n), the Third Party Petitioner, David P. Veo and Daniel P. Veo, Trustees of Riverhurst Realty Trust (the "Trust"), petitions this Court for relief from the Preliminary Order of Forfeiture dated November 10, 2005 (the "Forfeiture Order") pursuant to 21 U.S.C. § 853(n)(2), and requests that the Court enter an Order validating the Trust's ownership interest in certain real property and buildings located thereon, identified in the Forfeiture Order, at 251 Old Concord Road, Billerica, Massachusetts (further defined in the Forfeiture Order as the "Old Concord Road Property"). The Trust, and not the criminal defendant in this action, John G. Pizzarella (the "Defendant"), is the owner of the Old Concord Road Property. The Defendant has no beneficial, legal, or equitable interest in the Old Concord Road Property.

In further support of its Petition, the Trust states as follows:

### Property Ownership

1.      The Trust, and not the Defendant, owns the Old Concord Road Property. David P. Veo's, Trustee of the Trust, ownership interest in the Old Concord Road Property commenced

on or about November 6, 1997. On November 6, 1997, David P. Veo and his wife, Laura A. Veo, as Trustees of 251 Old Concord Road Realty Trust, purchased the Old Concord Road Property from 251 Old Concord Corp. A true and accurate copy of the Quitclaim Deed from 251 Old Concord Corp. to David P. Veo and Laura A. Veo, Trustee of 251 Old Concord Road Realty Trust, is annexed hereto and incorporated by reference herein as Exhibit "1."

2.    The beneficiaries of the 251 Old Concord Road Realty Trust were David P. Veo, Laura A. Veo, and David's brother, Daniel P. Veo, and his wife, Mora Veo, with each owning a twenty-five percent (25%) beneficial interest in the 251 Old Concord Road Realty Trust. A true and accurate copy of the Declaration of Trust for 251 Old Concord Road Realty Trust, with attached Schedule of Beneficiaries, is annexed hereto and incorporated by reference as herein Exhibit "2."

3.    After owning the Old Concord Road Property for several years and for business planning reasons, it was decided among the beneficiaries of the 251 Old Concord Road Realty Trust that a new realty trust would be established to own the Old Concord Road Property. To that end, on October 5, 2000, the Riverhurst Realty Trust was established by Declaration of Trust of Riverhurst Realty Trust with David P. Veo and Daniel P. Veo being the Trustees and all of the beneficiaries of the Trust. A true and accurate copy of the Declaration of Trust of Riverhurst Realty Trust, along with attached Trustee Certificate and Direction of Beneficiary, is annexed hereto and incorporated by reference herein as Exhibit "3."

4.    By deed dated July 11, 2001, 251 Old Concord Road Realty Trust conveyed the Old Concord Road Property to the Trust. A true and accurate copy of said Deed is annexed hereto and incorporated by reference here in as Exhibit "4."

- 2 -

5.     The Old Concord Road Property is subject to a first mortgage granted by the Trust to Middlesex Savings Bank dated March 28, 2003 in the original principal amount of $275,000.00. A true and accurate copy of said Mortgage is annexed hereto and incorporated by reference herein as Exhibit "5."

6.     The Trust pays all expenses associated with ownership of the Old Concord Road Property, including those payable to Middlesex Savings Bank, and the Town of Billerica for real estate taxes. The Defendant has no ownership interest in the Old Concord Road Property, nor has the Trust ever paid any monies, or other things of value, to the Defendant, nor does the Defendant have any equitable claim or interest to the Old Concord Road Property.

## Lease of Property

7.     The Old Concord Road Property consists of land and a single story, brick, rectangular building, which has been operated as a bar since a time prior to 1997 when purchased by the 251 Old Concord Road Realty Trust. In fact, when the Old Concord Road Property was purchased by David P. Veo, as Trustee of the 251 Old Concord Road Realty Trust, the Old Concord Road Property was purchased subject to a certain Commercial Lease dated August 29, 1991 by and between the then owner of the Old Concord Road Property, Lawrence G. Trebino, as Trustee of Trinda Realty Trust, and AMR Corporation (the "Lease"). A true and accurate copy of the Lease is annexed hereto and incorporated by reference herein as Exhibit "6."

8.     Per Paragraph 2 of the Lease, the Lease term was for an original five (5) year period commencing September 1, 1991, and was subject to an option provided to the lessee to extend the Lease for three (3) additional terms of five (5) years.

- 3 -

9.      The Lease is still in existence at the Old Concord Road Property as its term has
been extended by the lessee (as more fully discussed below). By its present terms, the Lease is
in existence at the Old Concord Road Property through August 31, 2006.

10.     The original lessee under the Lease was AMR Corporation. To the Trust's
knowledge, the Defendant had no ownership interest in, nor was in any way associated with
AMR Corporation. As is customary in commercial leases, the Lease allowed for the lessee to
assign its leasehold interest in the Old Concord Road Property.

11.     Pursuant to the Lease, on November 12, 1993, the original lessee, AMR
Corporation, assigned its leasehold interest in the Old Concord Road Property to 228 Tremont
Corporation.

12.     It was 228 Tremont Corporation which was the recognized lessee under the Lease
at the time the Old Concord Road Property was acquired by 251 Old Concord Road Realty Trust
in 1997.

13.     To the Trust's knowledge, the Defendant had no ownership interest, or
association with, 228 Tremont Corporation.

14.     On or about July 18, 1998, 228 Tremont Corporation assigned its leasehold
interest in the Old Concord Road Property to Daniel L. Lombard, III, and Doghouse Products,
Incorporated. A true and accurate copy of the Assignment of Commercial Lease attached to the
Landlord Consent to Assignment and Assumption, is annexed hereto and incorporated by
reference herein as Exhibit "7."

15.     To the Trust's knowledge, the Defendant had no ownership interest, or
association with, Doghouse Products, Incorporated.

- 4 -

16.     In March, 2002, Doghouse Products, Incorporated notified the Trust by sending a letter to the Trustee, David Veo, stating that Doghouse Products had sold its ownership interest in the bar business located at the Old Concord Road Property, and requested an assignment of leasehold interest to Paul Goshtigian, and/or his corporation, Alliance Management, LLC. In its request, Doghouse Products represented to the Trust that Mr. Goshtigian was a reputable business owner as he owned a well known Boston nightclub, and a restaurant in Chelmsford. A true and accurate copy of said letter and request from Doghouse Products is annexed hereto and incorporated by referenced herein as Exhibit "8," along with the Agreement by and between Doghouse Products and Paul Goshtigian.

17.     It is worth noting that a review of the Agreement would establish that the assets of Doghouse Products, which were listed in the Agreement, do not include the Old Concord Road Property, which was not owned by Doghouse Products, but remained owned by the Trust.

18.     On May 10, 2002, the Trust, by virtue of a certain Landlord Consent to Assignment and Assumption, acknowledged the assignment of the obligations under the Lease from Doghouse Products and Daniel L. Lombard, III, to Paul Goshtigian. A true and accurate copy of said Landlord Consent to Assignment and Assumption is annexed hereto and incorporated by reference herein as Exhibit "9."

19.     At the time the Trust agreed to the assignment of the leasehold interest to Mr. Goshtigian, the Trust was satisfied with its due diligence which indicated that Mr. Goshtigian was a reputable operator of bars and restaurants, and it was based upon this belief that the Trust agreed to the assignment of the Lease.

20.     The Trust was never informed of any relationship between Mr. Goshtigian and the Defendant until after the Lease Assignment was granted. The Trust is still not knowledgeable of

- 5 -

the exact relationship, if any, between Mr. Goshtigian and the Defendant. Nonetheless, whatever may be the relationship between Mr. Goshtigian and the Defendant, the Trust has no contractual or other relationship with the Defendant.

21.     Most importantly, the Defendant's relationship, if any, with Mr. Goshtigian in no way provides the Defendant with any legal, equitable, or other ownership interest in the Old Concord Road Property.

## Summary

22.     The Trust, and not the Defendant, is the owner of the Old Concord Road Property, and the Trust's ownership was not derived from any proceeds obtained from the Defendant, directly or indirectly, as a result of the criminal violations for which he has been charged, as set forth in 21 U.S.C. § 853(a)(1).

23.     The Old Concord Road Property is not owned by the Defendant and, therefore, it was not property of the Defendant which could be used to commit or facilitate the commission of any crime for which he has been charged, as set forth in 21 U.S.C. § 853(a)(2).

24.     Finally, and as established by this sworn Petition and the verified documents attached hereto, the Defendant has no interest in, claims against, or contractual rights affording him a source of control over the Old Concord Road Property, as set forth in U.S.C. 853(a)(3).

WHEREFORE, David P. Veo and Daniel P. Veo, Trustees of Riverhurst Realty Trust, respectfully request that this Honorable Court provide it relief from the Forfeiture Order, adjudicate and declare that the Trust is the owner of the Old Concord Road Property, which is

- 6 -

not subject to the Forfeiture Order, and for such other and further legal and equitable relief as

this Court deems just and proper.

*Signed under the pains and penalties of perjury this 19th day of December, 2005.*

David P. Veo
Trustee of Riverhurst Realty Trust

Daniel P. Veo
Trustee of Riverhurst Realty Trust

Appearing for:

DAVID P. VEO AND DANIEL P. VEO,
TRUSTEES OF RIVERHURST REALTY TRUST

By its Attorneys,
RIEMER & BRAUNSTEIN LLP

Dennis E. McKenna, BBO # 556428
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

Dated: December 20, 2005

926630.1

## CERTIFICATE OF SERVICE

I, Dennis E. McKenna hereby certify that on this date, December 20, 2005, I served the foregoing Third Party Petition for Relief from Preliminary Order of Forfeiture by causing a copy of same to be delivered by an original, postage prepaid to:

Charles P. McGinty, Esquire
Federal Defender's Office
408 Atlantic Avenue
Third Floor
Boston, MA 02110

Robert N. Launie, Esquire
Launie & Marino
1200 East Street
Westwood, MA 02090

Robert A. George, Sr., Esquire
Robert A. George & Associates, PC
77 Newbury Street
Boston, MA 02116

Rachel E. Hershfang, Esquire
United States Attorney's Office
John Joseph Moakley Federal Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210

_____
Dennis E. McKenna

926630.1

## QUITCLAIM DEED

251 OLD CONCORD CORP.,

a corporation duly established under the laws of The Commonwealth of Massachusetts,

and having its usual place of business at 71 Beechwood Road, Oxford, ME 04270

for consideration paid, and in full consideration of Two Hundred Thousand ($200,000.00) Dollars,

grants to DAVID P. VEO and LAURA A. VEO, Trustees of 251 Old Concord Road Realty Trust dated November 14, 1997 and recorded herewith.
of 89 Oliver Road, Belmont, Massachusetts 02178

#### with **quitclaim covenants**

That certain parcel of land situate in Billerica in the County of Middlesex and Commonwealth of Massachusetts, bounded and described as follows:

Southeasterly  by Main Road, one hundred eighty-three and 50/100 (183.50) feet;

Southwesterly four and 79/100 (4.79) feet, and

Northwesterly one hundred forty-nine and 7/100 (149.07) feet, by Lot E;

Northwesterly again by Lot 324, one hundred fifty-one and 98/100 (151.98) feet; and

Northeasterly  by Lot 62A, one hundred eleven and 90/100 (111.90) feet.

All of said boundaries are determined by the Land Court to be located as shown on subdivision plan 2792-S, drawn by James B. Monahan, Surveyor, dated November 10, 1958, as approved by the Court, filed in the Land Registration Office, a copy of a portion of which is filed with Certificate of Title 11445, and said land is shown as Lot three hundred twenty-five (325) on said plan.
Also Exhibit "A" attached hereto.
For title reference, see Certificate of Title No. 32452 registered in Middlesex North District Land Court Registry, Book 165, Page 103.

**The premises conveyed hereby are not all or substantially all of the assets of the Grantor in the Commonwealth of Massachusetts.**

**In witness whereof,** the said 251 Old Concord Corp. has caused its corporate seal to be

hereto affixed and these presents to be signed, acknowledged and delivered in its name and

behalf by Lawrence G. Trebino, its President and Treasurer, hereto duly authorized, this _6th_

day of _November_, 1997.

Signed and sealed in the presence of

_Angelath Chiavello_

251 OLD CONCORD CORP.

by: _Lawrence G. Trebino_
Lawrence G. Trebino
President and Treasurer

**The State of Florida**

County of: _Dade_                                          _November 6_, 1997

Then personally appeared the above named Lawrence G. Trebino and acknowledged the
foregoing instrument to he the free act and deed of the 251 Old Concord Corp., before me,

MARILEE E. HOLLISTER
COMMISSION # CC425619
EXPIRES MAR 02, 2001
BONDED THROUGH
ATLANTIC BONDING CO., INC.

_Marilee E. Hollister_
Marilee E. Hollister  Notary Public
My Commission Expires: _3/02/2001_

DECLARATION OF TRUST
251 OLD CONCORD ROAD REALTY TRUST

I, DAVID P. VEO , of Belmont, Massachusetts (the TRUSTEE), hereby declare that Ten (10) Dollars is held IN TRUST hereunder and any and all additional property and interest in property, real and personal, that may be acquired hereunder (the Trust Estate) shall be held in trust, solely as nominee, for the sole benefit of the individuals or entities listed in the Schedule of Beneficiaries in the proportions stated in said Schedule, which Schedule has this day been executed by the Beneficiaries and filed with the Trustees with receipt acknowledged by at least one Trustee (hereafter, as it may be amended, Schedule of Beneficiaries).

SECTION ONE - NAME AND PURPOSE

1.1 This Trust shall be known as the 251 OLD CONCORD ROAD REALTY TRUST and is intended to be a nominee trust, for federal and state income tax purposes and to hold the record legal title to the Trust Estate and perform such functions as are necessarily incidental thereto.

SECTION TWO - TRUSTEES

2.1 In the event that there are two Trustees, any one Trustee may execute any and all instruments and certificates necessary to carry out the provisions of the Trust. In the event there are more than two Trustees, any two Trustees, except as otherwise provided in Paragraph 7.2, may execute such instruments and certificates necessary to carry out the provisions of the Trust.

2.2 No Trustee shall be required to furnish bond. No Trustee hereunder shall be liable for any action taken at the direction of the Beneficiaries, nor for any error of judgement nor for any loss arising out of any act or omission in the execution of the Trust so long as acting in good faith, but shall be responsible only for his or her own willful breach of Trust. No license of court shall be requisite to the validity of any transaction entered into by the Trustees. No purchaser, transferee, pledge, mortgagee or other lender shall be under any liability to see to the application of the purchase money or of any money or property loaned or delivered to any Trustee or to see that the terms and conditions of this Trust have been complied with. Every agreement, lease, deed, mortgage, note or other instrument or document executed or action taken by the person or persons appearing from the records of the Registry of Deeds to be Trustees, as required by paragraph 2.1, shall be conclusive evidence in favor of every person relying thereon or claiming thereunder that at the time of the delivery thereof or taking of such action this Trust was in full force and effect, that the execution and delivery thereof or taking of such action was duly authorized, empowered and directed by the Beneficiaries.

2.3 Any person dealing with the Trust Estate or the Trustees may always rely without further inquiry on a certificate signed by the person or persons appearing from the records of the Registry of Deeds to be Trustees, as required by Paragraph 2.1, as to who are the Trustees or the Beneficiaries hereunder or as to the authority of the Trustees to act or as to the existence or nonexistence of any fact or facts which constitute conditions precedent to action by the Trustees or which are in any other manner germane to the affairs of the Trust. Execution, delivery or recording of such certificate shall not be a condition precedent to the validity of any transaction of the Trust.

SECTION THREE - BENEFICIARIES

3.1 The term Beneficiaries shall mean the persons and entities listed as Beneficiaries in the schedule of Beneficiaries and in such revised Schedules of Beneficiaries, from time to time hereafter executed and delivered as provided above and the respective interests of the Beneficiaries shall be as therein stated.

3.2 Decisions made and actions taken hereunder (including without limitation, amendment of this Trust; appointment and removal of Trustees; directions and notices to Trustees; and execution of documents) shall be made or taken, as the case may be, by all of the Beneficiaries.

3.3 Any Trustee may without impropriety become a Beneficiary hereunder and exercise all rights of a Beneficiary with the same effect as though he or she or it were not a Trustee. The parties hereunder recognize that if a sole Trustee and a sole Beneficiary are one and the same person, legal and equitable title hereunder shall merge as a matter of law.

SECTION FOUR - POWERS OF TRUSTEES

4.1 The Trustees shall hold the principal of this Trust and receive the income therefrom for the benefit of the Beneficiaries, and shall pay over the principal and income pursuant to the direction of all of the Beneficiaries and without such direction shall pay the income to the Beneficiaries in proportion to their respective interests.

4.2 Except as hereinafter provided in case of the termination of this Trust, the Trustees shall have no power to deal in or with the Trust Estate except as directed by all of the Beneficiaries. When, as, if and to the extent specifically directed by all of the Beneficiaries, the Trustees shall have the following powers:

4.2.1 to buy, sell, convey, assign, mortgage or otherwise dispose of all or any part of the Trust Estate and as landlord or tenant execute and deliver leases and subleases;

3

4.2.2  to execute and deliver notes for borrowing for the Beneficiaries;

4.2.3  to grant easements or acquire rights or easements and enter into agreements and arrangements with respect to the Trust Estate;

4.2.4  to endorse and deposit checks in an account for the benefit of the Beneficiaries;

4.2.5  but the Trustees shall have no authority to maintain bank accounts in the name of the Trust or Trustees but they may maintain bank accounts in the name of the Beneficiaries.  In the event of a violation of this subparagraph, the Trustees shall indemnify and save harmless the Beneficiaries from any liability resulting therefrom, including taxes and accounting expenses.

Any and all instruments executed pursuant to such direction may create obligations extending over any periods of time, including periods extending beyond the date of any possible termination of the Trust. A direction to the Trustees by the Beneficiaries may be by a Durable Power of Attorney.

4.3    Notwithstanding any provisions contained herein, no Trustee shall be required to take any action which will, in the opinion of such Trustee, involve the Trustee in any personal liability unless first satisfactorily indemnified.

4.4    All persons extending credit to, contracting with or having any claim against the Trustees shall look only to the funds and property of this Trust for payment of any contract, or claim, or for the payment of any debt, damage, judgement, or decree, or for any money that may otherwise become due or payable to them from the Trustees, so that neither the Trustees nor the Beneficiaries shall be personally liable therefor.  If any Trustee shall at any time for any reason (other than for willful breach of trust) be held to be under any personal liability as such Trustee, then such Trustee shall be held harmless and indemnified by the Beneficiaries, jointly and severally, against all loss, costs, damage, or expense by reason of such liability.

SECTION FIVE - TERMINATION

5.1    This Trust may be terminated at any time by notice in writing from any one Beneficiary provided that such termination shall be effective only when a certificate thereof signed by the Trustees, shall be recorded with the Registry of Deeds. Notwithstanding any other provision of this Declaration of Trust, this Trust shall terminate in any event ninety (90) years from the date hereof, if not earlier terminated by action of a Beneficiary.

4

5.2  In the case of any termination of the Trust, the Trustees shall transfer and convey the specific assets constituting the Trust Estate, subject to any leases, mortgages, contracts or other encumbrances on the Trust Estate, to the Beneficiaries as tenants in common in proportion to their respective interests hereunder, or as otherwise directed by all of the Beneficiaries, provided, however, the Trustees may retain such portion thereof as is in their opinion necessary to discharge any expense or liability, determined or contingent, of the Trust.

SECTION SIX - AMENDMENTS

6.1  This Declaration of Trust may be amended from time to time by an instrument in writing signed by all the Beneficiaries and delivered to the Trustees, provided in each case that the amendment shall not become effective until the instrument of amendment or a certificate setting forth the terms of such amendment, signed by the Trustees, is recorded with the Registry of Deeds.

SECTION SEVEN - RESIGNATION AND SUCCESSOR TRUSTEE

7.1  Any Trustee hereunder may resign at any time by an instrument in writing signed and acknowledged by such Trustee and delivered to all remaining Trustees and to each Beneficiary.  Such resignation shall take effect on the later of the date specified herein or the date of the recording of such instrument with the Registry of Deeds.

7.2  Succeeding or additional Trustees may be appointed or any Trustee may be removed by an instrument or instruments in writing signed by all of the Beneficiaries, provided in each case that a certificate signed by any Trustee naming the Trustee or Trustees appointed or removed and, in the case of an appointment, the acceptance in writing by the Trustee or Trustees appointed, shall be recorded in the Registry of Deeds.  Upon the recording of such instrument, the legal title to the Trust Estate shall, shall, without the necessity of any conveyance, be vested in said succeeding or additional Trustee or Trustees, with all the rights, powers, authority and privileges as if named as an original Trustee hereunder.

7.3  In the event that there is no Trustee, either through the death or resignation of a sole Trustee without prior appointment of a successor Trustee or for any other cause, a person purporting to be a successor Trustee hereunder may record at the Registry of Deeds an affidavit, under pains and penalty of perjury, stating that he or she has been appointed by all of the Beneficiaries a successor Trustee.  Such affidavit when recorded together with an attorney's certificate under M.G.L.c. 183 Section 5B, stating that such attorney has knowledge of the affairs of the Trust and that the person signing the affidavit has been appointed a Trustee by

5

all of the Beneficiaries, shall have the same force and effect as if the certificate of a Trustee or Trustees required or permitted hereunder had been recorded and persons dealing with the Trust or Trust Estate may always rely without further inquiry upon such an affidavit as so executed and recorded as to the matters states herein.

SECTION EIGHT - GOVERNING LAW

8.1   This Declaration of Trust shall be construed in accordance with the laws of the Commonwealth of Massachusetts.

SECTION NINE - REGISTRY OF DEEDS

9.1   The term Registry of Deeds shall mean the Registry of Deeds or Registry District of the Land Court for the district in the Commonwealth of Massachusetts in which the real estate which is the subject of this Trust is located, and in which this Declaration of Trust is recorded or registered.

Executed as a sealed instrument this 14 th day of November, 1997.

_____
DAVID P. VEO

COMMONWEALTH OF MASSACHUSETTS

Middlesex,ss                          November 14, 1997

Then personally appeared the above-named DAVID P. VEO and acknowledged the foregoing instrument to be his free act and deed, before me:

_____
        Notary Public

My Commission Expires:

6

251 OLD CONCORD ROAD REALTY TRUST

SCHEDULE OF BENEFICIARIES

The undersigned hereby certify that they are the beneficiaries of the 251 OLD CONCORD ROAD REALTY TRUST established under Declaration of Trust dated November 14, 1997, and that the following are their beneficial interests thereunder:

| Beneficiary | % interest |
|-------------|------------|
| DANIEL P. VEO | 25% |
| MORA VEO | 25% |
| DAVID P. VEO | 25% |
| LAURA A VEO | 25% |

The terms of said Trust are hereby approved and the undersigned Beneficiaries agrees with the Trustees of said Trust (a) to be bound by said Trust, and (b) to save the Trustees harmless from any personal liability for any action taken at the direction of the Beneficiaries, or for any error of judgement, or for any loss arising out of any act or omission in the execution of the Trust so long as the Trustees act in good faith, and (c) that the Trustees may withhold from any distribution, transfer or conveyance such amounts as they from time to time reasonably deem necessary to protect themselves from such liability, and (d) that each Trustee shall be responsible only for such Trustee's own willful breach of Trust, and (e) to reimburse the Trustees for any expenses incurred in the performance of their duties.

Executed as a sealed instrument this 14 th day of November, 1997.

_____
DANIEL P. VEO

_____
MORA VEO

_____
DAVID P. VEO

_____
LAURA A. VEO

7

251 OLD CONCORD ROAD REALTY TRUST

RECEIPT OF SCHEDULE OF BENEFICIARIES

I, the undersigned, hereby certify that I am one of the Trustees under said Declaration of Trust and that the attached Schedule of Beneficiaries has been filed with me this 14th day of November, 1997.

_____
DAVID P. VEO

## DECLARATION OF TRUST
## OF
## RIVERHURST REALTY TRUST

WE, David F. Veo, now of Belmont, Middlesex County, Commonwealth of Massachusetts, and **Daniel P. Veo**, now of Belmont, Middlesex County, Commonwealth of Massachusetts, (hereinafter referred to as the "Trustees") hereby declare that any and all property and interest in property that may be acquired hereunder ("the Trust Estate"), shall be held in trust for the sole benefit of the beneficiaries for the time being hereunder, upon the terms herein set forth. The term "Trustees", whenever used herein, shall mean the Trustee or Trustees named herein and such person or persons who hereafter are serving as Trustee or Trustees hereunder, and the rights, powers, authority and privileges granted hereunder to the Trustees shall be exercised by such person or persons subject to the provisions hereof.

1.  The term "Beneficiaries", wherever used herein, shall mean the Beneficiaries listed in the Schedule of Beneficiaries this day executed and filed with the Trustees or in a revised Schedule of Beneficiaries, if any, from time to time executed and filed with the Trustees. The Trustees shall not be affected by any assignment or transfer of any beneficial interest until receipt by the Trustees or notice that such assignment or transfer has in fact been made and a revised Schedule of Beneficiaries shall have been duly executed and filed with the Trustees. Any Trustee may be a Beneficiary hereunder and exercise all rights of a Beneficiary with the same effect as though he were not a Trustee. The Trust hereby established may be referred to as the **RIVERHURST REALTY TRUST**.

2.  The Trustees shall hold the principal of this Trust and receive the income therefrom for the benefit of the Beneficiaries, and shall pay the net income to the Beneficiaries in proportion to their respective interests at least annually. The Trustees may open, maintain, and, at will, close out any checking and savings accounts and safe deposit boxes in any bank, banks, trust companies, federal savings and loan associations, and other banking, lending or other financial institutions; and the Trustees may deposit funds and other assets of the Trust in such institutions, and may disburse such funds on checks signed by any one of the Trustees or any person or persons authorized in writing by the Trustee so to do, and may withdraw such funds and other assets or instruments of withdrawals signed similarly. Each such institution shall honor all checks and other instruments signed by such person or persons authorized by the Trustees so to sign; and such institutions may rely fully on the Trustees' signed authorization so to do, so filed by the Trustees with the said institution.

3.  Except as expressly provided in Paragraphs 2 and 4 hereof, the Trustees shall have no power to deal in or with the Trust Estate except as directed by the Beneficiaries. When, as, if and to the extent specifically directed by the Beneficiaries, the Trustees shall have full power and authority, which they shall exercise, to buy, deal in, develop, subdivide, lease and manage real estate, improved or unimproved, to sell, convey, assign, mortgage, accept and release mortgages of real estate or otherwise dispose of all or any part of the Trust Estate, full power and authority to sign checks, drafts, notes, bills of exchange, acceptances, undertakings and other instruments or orders for the payment, transfer or withdrawal of money for whatever purpose and to

whomsoever payable, and as lessor to execute and deliver leases, and subleases, and to borrow money and to execute and deliver notes or other evidence of such borrowing and to grant or acquire rights of easements and enter into agreements or arrangements with respect to the Trust Estate. Any and all instruments executed pursuant to powers herein contained may create obligations extending over any periods of time including periods extending beyond the date of any possible termination of the Trust. Notwithstanding any provisions contained herein, no Trustee shall be required to take any action which will, in the opinion of such Trustees, involve him in any personal liability unless first indemnified to his satisfaction. Any person dealing with the Trustee shall be fully protected in accordance with the provisions of Paragraph 6 hereof.

4.    The Trust may be terminated at any time by the holders of that percentage of the beneficial interest herein specified below by notice in writing to the Trustees and the other Beneficiaries, but such termination shall only be effective when a certificate thereof signed and acknowledged by the Trustees hereunder shall be recorded in the appropriate Registry of Deeds; and the Trust shall terminate in any event twenty (20) years from the date hereof. In case of any such termination, the Trustees shall transfer and convey the specific assets constituting the Trust Estate, subject to any leases, mortgages, contracts or other encumbrances on the Trust Estate, to the Beneficiaries in proportion to their respective interests hereunder. The percentage of the beneficial interests required to terminate the Trust shall be not less than one hundred (100%) percent.

5.    Any Trustee hereunder may resign by written instrument signed and acknowledged by such Trustee and recorded in the appropriate Registry of Deeds. Succeeding Trustees to fill a vacancy caused by resignation or death, may be appointed by an instrument or instruments in writing signed by the Beneficiaries, or a majority of the Beneficiaries, as the case may be, whose interest or interests therein was or were represented by such Trustee who resigned or died as shown in the then applicable Schedule of Beneficiaries, provided in each case that such instrument or instruments or a certificate by any Trustee naming the Trustee or Trustees appointed, shall be recorded in the appropriate Registry of Deeds. In the event that a vacancy shall be caused by resignation or death, such Beneficiaries may, but shall not be required to, fill such vacancy. Upon the appointment of any Succeeding Trustee the title to the Trust Estate shall thereupon and without the necessity of any conveyance be vested in said Succeeding Trustee jointly with the remaining Trustee or Trustees, if any. Each Succeeding Trustee shall have all the rights, powers, authority and privileges as if named as the original Trustee hereunder. No Trustee shall be required to furnish bond. This Declaration of Trust may be amended from time to time by an instrument in writing signed by the holder or holders of that percentage of the beneficial interests herein specified below and acknowledged by the Trustees or Beneficiaries, provided in each case that the instrument or amendment or certificate by the Trustee setting forth the terms of such amendments shall be recorded in the appropriate Registry of Deeds. The percentage of the beneficial interests required to amend the Trust shall be not less than one hundred (100%) percent.

6.    No Trustee hereunder shall be liable for any error of judgment nor for any loss arising

out of any act or omission in good faith, but shall be responsible only for his own willful breach of trust. No license of court shall be requisite to the validity of any transaction entered into by the Trustees. No purchaser, transferee, pledgee, lessee, mortgagee or other lender shall be under any liability to see to the application of the purchase money or of any money or property loaned or delivered to the Trustee or to see that the terms and conditions of this Trust have been complied with. Every agreement, lease, deed, mortgage or other instrument or document executed or action taken by a majority of the persons appearing of record to be Trustees hereunder shall be conclusive evidence in favor of every person relying thereon or claiming thereunder that at the time of the delivery thereof or of the taking of such action this Trust was in full force and effect, that the Trustees' execution and delivery thereof or taking of such action was duly authorized, empowered and directed by the Beneficiaries, and that such instrument or document or action taken is valid, binding, effective and legally enforceable. Any person dealing with the Trust Estate or the Trustees may always rely, without further inquiry, on a certificate signed by the person appearing from the records of the Registry of Deeds to be a Trustee hereunder as to who are the Trustees or as to the authority of the Trustees to act or as to the existence or non-existence of any fact or facts which constitute conditions precedent to acts by the Trustees or which are in any other manner germane to the affairs of the Trust. Only one Trustee's signature shall be required to execute the powers of the Trustees.

7.    The Trustees shall have no power to bind the Beneficiaries personally, and in every contract that they shall enter into reference shall be made to this Declaration of Trust, and the person, firm or corporation so contracting with the Trustees shall look only to the funds and property of the Trust for payment under such contract or payment of any debt, damage, judgment, or decree or of any money which may otherwise become due and payable by reason of a failure on the part of the Trustees to perform such contract in whole or in part, and neither the Trustees nor the Beneficiaries, present or future, shall be personally liable therefor.

8.    The term "Registry of Deeds" shall mean the Registry specified below, provided that if this Declaration of Trust is recorded or filed for registration in any other public office within or without the Commonwealth of Massachusetts, any person dealing with portions or all of the Trust Estate as to which documents or instruments are recorded or filed for registration in such other public office in order to constitute notice to persons not parties thereto may rely on the state of the record with respect to this Trust in such other public office, and with respect to such portions or all of the Trust Estate the term "Registry of Deeds" as used herein shall mean such other public office. As used herein the "Registry of Deeds" is the Middlesex County Registry of Deeds.

WITNESS the execution hereof under seal by the undersigned this 5th day of October, 2000.

_____
David P. Veo, Trustee

_____
Daniel P. Veo, Trustee


### COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss.                                          October $5$ , 2000

Then personally appeared each of the above named  David P. Veo and Daniel P. Veo, each as Trustee of the RIVERHURST REALTY TRUST, and they each acknowledged the foregoing instrument to be his and her free act and deed, respectively, before me, this day.

_____
Notary Public
My Commission Expires:

RICHARD L. SEEGEL, Notary Public
My Commission Expires August 4, 2006

NO. MIDDLESEX LAND COURT
REGISTRY DISTRICT
RECEIVED FOR REGISTRATION

ON 10/06/2000 AT 03:11:29    30.00

NOTED ON:

CERT 0034521  BK   175  PG  241

COMPARED

Segal Lpointe builder

60 william s- #200

welfully ma   30441-3752

## TRUSTEE CERTIFICATE
### RIVERHURST REALTY TRUST

We, the undersigned, DAVID P. VEO and DANIEL P. VEO, Trustees of the Riverhurst Realty Trust, under a Declaration of Trust dated October 5, 2000 and recorded with Middlesex North Registry of Deeds, Land Registration as document number 191710, hereby certify and represent as follows:

1) That we are all the Trustees of said Trust;

2) That said Trust is still in existence, and has not been altered, amended or revoked except for the resignation and reappointment of Daniel P. Veo as Trustee;

3) That we have been authorized by holders of one hundred percent of the beneficial interest of the Trust to execute a mortgage and security agreement, collateral assignment of rents, and UCC-1 financing statements, to MIDDLESEX SAVINGS BANK for the amount of Two Hundred Seventy Five Thousand Dollars ($ 275,000.00) for certain real property known as 251 Old Concord Road, Billerica, Massachusetts, as further described in a deed filed with certificate of tile 35517 in book 180 page 233, and to execute all instruments and documents necessary to effect the foregoing.

WITNESS my hands and seal this March      , 2003.

_____
DAVID P. VEO, TRUSTEE

_____
DANIEL P. VEO, TRUSTEE

### COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.                              March    , 2003

Then personally appeared the above-named DAVID P. VEO and DANIEL P. VEO, Trustees as aforesaid, and acknowledged the foregoing instrument to be their free act and deed and the free act and deed of said trust, before me

_____
                          -Notary Public

My Commission Expires:        HENRY J. DANE
                              NOTARY PUBLIC
                              MASSACHUSETTS
                              COMM. EXP. 01-23-2009

## DIRECTION OF BENEFICIARY
## RIVERHURST REALTY TRUST

We, the undersigned, DAVID P. VEO and DANIEL P. VEO, Managers of LITTLE POND, LP, sole beneficiary of the Riverhurst Realty Trust, under a Declaration of Trust dated October 5, 2000 and recorded with Middlesex South Registry of Deeds, Land Registration as document number 191710, hereby certify and represent as follows:

1) That we are all the beneficiaries of said Trust;

2) That we authorize the Trustees to execute a mortgage and security agreement, collateral assignment of rents, and UCC-1 financing statements, to MIDDLESEX SAVINGS BANK for the amount of Two Hundred Seventy Five Thousand Dollars ($ 275,000.00) for certain real property known as 251 Old Concord Road, Billerica, Massachusetts, as further described in a deed filed with certificate of tile 35517 in book 180 page 233, and to execute all instruments and documents necessary to effect the foregoing.

WITNESS our hands and seal this March 28, 2003.

LITTLE POND, LP

_____
DAVID P. VEO, MANAGER

_____
DANIEL P. VEO, MANAGER

**DEED**

We, David P. Veo and Laura A. Veo, as Trustees of 381 Old Concord Road Realty Trust under a Declaration of Trust dated November 14, 1997, filed in the Land Registration Office as Document No. 173547, of Belmont, Middlesex County, Commonwealth of Massachusetts,

for consideration of less than One Hundred ($100.00) Dollars, grant to

David P. Veo, as Trustee of Riverhurst Realty Trust under a Declaration of Trust dated October 5, 2000, filed in the Land Registration Office as Document No. 191710, of Belmont, Middlesex County, Commonwealth of Massachusetts,

That certain parcel of land situate in Billerica in the County of Middlesex and said Commonwealth, bounded and described as follows:

Southeasterly by Main Road, one hundred eighty-three and 50/100 (183.50) feet;

Southwesterly four and 79/100 feet, and

Northwesterly one hundred forty-nine and 7/100 (149.07) feet, by Lot B;

Northwesterly again by Lot 324, one hundred fifty-one and 98/100 (151.98) feet; and

Northeasterly by Lot 62A, one hundred eleven and 90/100 (111.90) feet.

All of said boundaries are determined by the Land Court to be located as shown on subdivision plan 2752-S, drawn by James B. Monahan, Surveyor, dated November 10, 1956, as approved by the Court, filed in the Land Registration Office, a copy of a portion of which is filed with Certificate of Title 11448, and said land is shown as Lot three hundred twenty-five (325) on said plan.

Also another certain parcel of land situate in said Billerica, bounded and described as follows:

Southeasterly by Main Road, sixty (60) feet;

Southwesterly by Lot 63, one hundred eleven and 90/100 (111.90) feet;

Northerly by Lot 62B, one hundred six and 14/100 (106.14)

-1-

feet; and

Southeasterly by the junction of Riverhurst and Main Roads, by a curved line, ninety-two and 41/100 (92.41) feet.

All of said boundaries are determined by the Land Court to be located as shown on subdivision plan 2792-N, drawn by C. B. Humphrey, Engineer for Court, dated Jan. 31, 1946, as approved by the Court, filed in the Land Registration office, a copy of a portion of which is filed with Certificate of Title 6878, and said land is shown as Lot sixty-two A (62A) on said plan.

For our title see Certificate of Title No. 33351, registered with the Middlesex North District Registry of Deeds, Land Registration Office at Book 169, Page 301.

WITNESS our hands and seals this ___11___ day of July, 2001.

_____          _____
David F. Veo, Trustee              Laura A. Veo, Trustee

### COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.

On this ___11___ day of July, 2001, before me personally appeared David F. Veo and Laura A. Veo, Trustees of 251 Old Concord Road Realty Trust, and acknowledged that they executed the foregoing instrument as their free act and deed, before me

                              Notary Public   John F. Drew
                              My Commission Expires: 7/26/07

/s/veo.veo.deed

-2-