UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 JAN 13  P 2:01

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff | * |
| v. | * |
| | * Criminal No. 03-10140-RWZ |
| JOHN G. PIZZARELLA, et al, | * |
| Defendants | * |
| | * |

**THIRD PARTY PETITION FOR RELIEF FROM PRELIMINARY ORDER OF FORFEITURE DATED NOVEMBER 10, 2005 AND FOR A HEARING TO ADJUDICATE THE VALIDITY OF INTEREST IN REAL PROPERTY**

Pursuant to 21 U.S.C. § 853(n), the Third Party Petitioner, Joanne Russo, petitions this Court for relief form the Preliminary Order of Forfeiture dated November 10, 2005 (the "Forfeiture Order") pursuant to 21 U.S.C. § 853(n)(2), and requests that the Court enter and Order validation of her ownership interest in certain real property and buildings located thereon, identified in the Forfeiture Order as the real property and buildings located at 6 Applewood Lane, Saugus, Massachusetts. As reason therefor, Joanne Russo, and not the criminal defendant in this action, John G. Pizzarella (the "Defendant"), is the true and rightful owner of the Applewood Lane property. The Defendant has no beneficial, legal, or equitable interest in the Applewood Lane Property.

1

In further support of its Petition, the Plaintiff states as follows:

1. Joanne Russo, and not the Defendant, is the proper owner of 6 Applewood Lane, Saugus, Massachusetts.
2. Joanne Russo is the mother of Tammy Pizzarella and the grandmother of John J.. Pizzarella a mentally retarded 9 year old child and Talia Pizzarella 6 year old, all of whom currently reside with her at 6 Applewood Lane in Saugus, Massachusetts.
3. On December 3, 2001 Mrs. Russo sold her home and received $303,604.77 as a payoff. A copy of the check is attached hereto as **"Exhibit 1"**
4. On December 3, 2001 Mrs. Russo loaned $303,604.77 to her daughter Tammy Pizzarella and her husband John G. Pizzarella to pay the mortgage down on 6 Applewood Lane. A copy of bank statement showing the deposit is attached hereto as **"Exhibit 2"**
5. At the time the Plaintiff loaned this amount to the to her daughter Tammy Pizzarella and her husband John G. Pizzarella, promissory note was executed between parties. A copy of note is hereto attached as **"Exhibit 3"**.
6. At the time the Plaintiff loaned this amount to the to her daughter Tammy Pizzarella and her husband John G. Pizzarella the parties additionally executed mortgage to formalize this transaction. A copy of mortgage is hereto attached at **"Exhibit 4"**.
7. On December 4, 2001 John G. Pizzarella deposited said check in the bank and on December 10, 2001 wrote a check in the amount of $258,301.72 to pay down the mortgage. A copy of check is attached hereto as **"Exhibit "5"**.
8. Since December 3, 2001 Ms. Russo has lived continuously and plans to live at 6 Applewood Lane for the remainder of her life. An oral condition of the note was an agreement that Ms. Russo would live there the remainder of her life and be cared for by her daughter Tammy Pizzarella.
9. Joanne Russo is the sole equity owner of the 6 Applewood Lane property. Ms. Russo had no idea what the defendant's illegal activities consisted of, did not obtain the equity in her property through the illegal activities of the defendant and obtained the equity via the aforementioned proceeds from the sale of her home.
10. Therefore, Joanne Russo, and not the defendant, is the rightful owner of the 6 Applewood Lane property, and her ownership was not derived from any proceeds obtained from the defendant, directly nor indirectly as a result from the criminal violations for which he has been charged, as set forth in 21 U.S.C. § 853(a)(1).

**WHEREFORE,** Joanne Russo, the actual equity owner of this property, respectfully requests that this Honorable Court provide relief from the Forfeiture Order, adjudicate and declare that Joanne Russo is the owner of the 6 Applewood Lane Property which is not subject to the Forfeiture Order, and for such other and further legal and equitable relief as this Court deems just and proper.

LAFLAMME, MIGLIORI, BARRON, & CHABOT
CONVEYANCING ACCOUNT TWO
114 KENOZA AVENUE
HAVERHILL, MA 01830

FIRST MASSACHUSETTS BANK, N.A.
HAVERHILL, MA 01830

53-7054
2113

015448

PAY  Three Hundred Three Thousand Six Hundred Four and 77/100

DATE  December 03, 2001

AMOUNT  303,604.77

TO THE ORDER OF  Joanne R. Russo

01-334R/603 Cash to Seller

⑆015448⑆ ⑈211370545⑈ 559016175⑈



Page 1

Statement Period 11/10/01 - 12/11/01
Number of Days in Period: 32
Account #00401744248
Number of Items Enclosed:  5

JOHN PIZZARELLA
6 APPLEWOOD LN
SAUGUS MA 01906-3351

For 24 hour automated account information or to speak with an Eastern representative between the hours of 8:00am-8:00pm Monday-Friday or Saturday, 9:00am-3:00pm, please call 1-800-EASTERN.

*View Account Balances And Activity Over The Internet With Eastern QuickConnect. To Learn More About This Free Service, Visit Us At easternbank.com.*

## REGULAR CHECKING

| | | | | |
|---|---|---|---|---|
| Starting Balance | $5,138.68 | | Total Deposits/Credits | $308,234.77 |
| Ending Balance | $44,971.73 | | Total Withdrawals/Debits | $268,401.72 |
| Average Collected Balance | $54,939.00 | | | |

### Deposits/Credits

| Post Date | Amount | Description |
|---|---|---|
| 11/27 | 1,500.00 | Deposit |
| 12/04 | 3,130.00 | Deposit |
| 12/04 | 303,604.77 | Deposit |
| **TOTAL** | **$308,234.77** | |

### Checks

| Check # | Post Date | Amount | Check # | Post Date | Amount | Check # | Post Date | Amount |
|---|---|---|---|---|---|---|---|---|
| 134 | 11/28 | 100.00 | 136 | 12/07 | 3,000.00 | 138 | 12/10 | 5,000.00 |
| 135 | 11/27 | 2,000.00 | 137 | 12/10 | 258,301.72 | | | |



Page 2

JOHN PIZZARELLA

Statement Period 11/10/01 - 12/11/01
Number of days in Period: 32
Account #00401744248

| TOTAL | 5 check(s) @ | $268,401.72 |
|---|---|---|

### Balance Summary

| Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|
| 11/27 | 4,638.68 | 12/04 | 311,273.45 | 12/10 | 44,971.73 |
| 11/28 | 4,538.68 | 12/07 | 308,273.45 | | |

270 Union Street • Lynn, MA 01901-1380 • Telephone (781) 599-2100

## TERM PROMISSORY NOTE

U.S. $250,000.00

Saugus, Massachusetts
December 3, 2001

FOR VALUE RECEIVED, the undersigned, John Pizzarella, with a mailing address of 6 Applewood Lane, Saugus, Massachusetts, 01906 (hereinafter "Obligor"), promises to pay to Joanne Russo of 6 Applewood Lane, Saugus, Massachusetts, 01906 (hereinafter "Obligee"), the principal sum of Two Hundred Fifty Thousand and No/100 ($250,000.00) Dollars, together with interest in arrears on the unpaid principal balance from time to time outstanding from the date hereof until the entire principal amount due hereunder is paid in full, at the rate hereinafter provided. Interest shall be calculated on the basis of the actual number of days elapsed over a period of 365 days and shall be at an annual rate (whether before or after maturity) equal to (7.0%) Percent.

The entire principal amount, together with all accrued interest under this Note, shall be due and payable on December 3, 2008.

Payment shall be made to Obligee at 6 Applewood Lane, Saugus, Massachusetts, 01906 or at such other address as the Obligee may specify in writing to the Obligor.

The undersigned may prepay, without premium or penalty, all or any portion of the principal amount due hereunder, together with the payment of accrued interest thereon, at the aforesaid rate. Any partial prepayment shall be applied first against the outstanding interest, and then to the principal amount outstanding.

This Note shall become due and payable at once in the event of any of the following ("Events of Default"):

> (i) Obligor shall fail to make any payment of principal or interest under this Note when and as the same shall become due and payable, and such failure shall continue for ten (10) days;

> (ii) An event of default as described in any other instrument evidencing any indebtedness of the Obligor to the Obligee and the expiration of any period provided in such instrument to cure such default;

> (iii) The Obligor shall institute proceedings to be adjudicated voluntary bankrupt, or shall consent to the filing of a bankruptcy proceeding against it, or shall file a petition seeking reorganization or arrangement of similar relief under the federal or state bankruptcy or insolvency laws now or hereafter existing, or if any order shall be entered which shall not be vacated, set aside or stayed within sixty (60) days from

1

the date of entry, adjudicating the Obligor a bankrupt or approving a petition filed against Obligor for, or effecting a reorganization or arrangement pursuant to said bankruptcy or insolvency laws.

(iv) The sale of 6 Applewood Lane, Saugus, Massachusetts 01906, for which a mortgage has been secured as collateral for this note.

Obligor expressly waives notice of non-payment, presentment, demand for payment, or protest.

The failure of Obligee at any time or times hereunder to require strict performance by the Obligor of any of the provisions, warranties, terms and conditions contained in the Note or in any other agreement, guaranty, instrument, or document now or at any time or times hereafter executed by the Obligor and delivered to Obligee shall not waive, affect, or diminish any right of Obligee at any time or times to demand strict performance thereof; and no rights of Obligee hereunder shall be deemed to have been waived by any act or knowledge of Obligee, its agents, officers, or employees, unless such waiver is contained in an instrument in writing signed by Obligee and directed to the Obligor specifying such waiver. No waiver by Obligee of any of its rights shall operate as a waiver of any other of its rights on a future occasion.

In the event of any default hereunder, the Obligor agrees to pay all reasonable costs of collection including, without limitation, reasonable attorneys' fees, for the Obligee for all services rendered in that connection.

Any notice to Obligor provided for in this Note shall be given by mailing such notice, certified mail, return receipt requested, addressed to Obligor at 6 Applewood Lane, Saugus, Massachusetts, 01906, or at such other address as Obligor may designate by written notice to the Obligee. Any notice to the Obligee shall be given by mailing such notice, certified mail, return receipt requested, to the Obligee at 6 Applewood Lane, Saugus, Massachusetts, 01906, or at such other address as Obligee may designate by written notice to the Obligor. Any notice issued in accordance with this Note shall be effective on date of receipt.

This Note is entered into and made pursuant to the laws of the Commonwealth of Massachusetts, and shall in all respects be governed, construed, applied and enforced in accordance with the laws of said State.

In the Presence Of:                                John Pizzarella:

_Tammy Russo_ (signature)                          By: _John Pizzarella_ (signature)

2

## MORTGAGE

John Pizzarella, with a mailing address of 6 Applewood Lane, Saugus, Massachusetts, 01906, for consideration paid, grants to Joanne Russo of 6 Applewood Lane, Town of Saugus, County of Essex, Commonwealth of Massachusetts, with mortgage covenants, to secure the payment of Two Hundred Fifty Thousand and No/100 ($250,000.00) Dollars, with seven percent (7.0%) interest, payable December 3, 2008, and also to perform all agreements and conditions as provided in the term promissory note of even date, the real estate located at 6 Applewood Lane, Saugus, Massachusetts, as more particularly described in Exhibit A attached hereto and made a part hereof. This mortgage is upon the statutory condition, for any breach of which the mortgagee shall have the statutory power of sale.

In witness whereof, John Pizzarella, has executed this agreement as a sealed instrument this 3RD day of December, 2001.

John Pizzarella

By: _____

1

6 Applewood Lane
Saugus, Massachusetts 01906
John Pizzarella

### EXHIBIT A

Lot 3 on a that plan entitled "DEFINITIVE SUBDIVISION PLAN ON LONGWOOD AVENUE TO BE KNOWN AS APPLEWOOD" Map D-9 Block 3 Lot 2A Saugus, Mass. Prepared for Procopio Construction Company, Inc. By Ottet & Dwyer, Inc. Land Surveyors, McKenzie Engineering Group, Inc., Civil Engineers: Scale 1" = 40'; dated April 1, 1997, said plan was approved October 16, 1997 and recorded March 20, 1998 in Plan Book 324, Plan 28.

For title reference see Deed dated January 20, 1984 and recorded in Book 7319 at page 290.

STATE OF MASSACHUSETTS
COUNTY OF ESSEX

On the 3RD day of December, 2001, before me, the undersigned officer, personally appeared John Pizzarella, known to me to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained.

```
_____
Notary Public        KEVIN B. PETRO, Notary Public
My Commission My Commission Expires March 10, 2006
```



Page 3

JOHN PIZZARELLA

Statement Period 11/10/01 - 12/11/01
Account #00401744248

| Ck # 134 | Pd 11/28/2001 | $100.00 |
| Ck # 135 | Pd 11/27/2001 | $2,000.00 |
| Ck # 136 | Pd 12/07/2001 | $3,000.00 |
| Ck # 137 | Pd 12/10/2001 | $258,301.72 |
| Ck # 138 | Pd 12/10/2001 | $5,000.00 |

*Signed under the pains and penalties of perjury this 13th day of January 2006.*

*/s/ Joanne Russo*
Joanne Russo

Respectfully Submitted,
**JOANNE RUSSO,**
By her attorney,

*/s/ William P. Doyle III*
William P. Doyle III
Colonna & Doyle
99 Walnut Street, Suite A
Saugus, MA 01906
(781) 231-4900

**CERTIFICATE OF SERVICE**

I, William P. Doyle III, do hereby certify that I have served the foregoing *Third Party Petition for Relief* by delivering a copy of the same, in hand, on January 13, 2006 to: Susan Poswistilo, Assistant United States Attorney, One Courthouse Way, Boston, Massachusetts.

*/s/ William P. Doyle III*
William P. Doyle III

3